**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4558**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LUCIANO JAIMES TAVIRA, a/k/a Luciano Tavira Jaimes, a/k/a
Noel Martinez Garcia,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  William L. Osteen,
Jr., District Judge. (1:09-cr-00040-WO-1; 1:08-cr-00443-WO-1)

Submitted: February 24, 2011    Decided: February 28, 2011

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Nancy R. Gaines, Salisbury, North Carolina, for Appellant.
Sandra Jane Hairston, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luciano Jaimes Tavira pled guilty, pursuant to written plea agreements, to illegal reentry by an aggravated felon, 8 U.S.C. § 1326(a), (b)(2) (2006), possession with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(A) (2006), and being an illegal alien in possession of a firearm, 18 U.S.C. § 922(g)(5) (2006); he was sentenced to a total term of 292 months imprisonment. Tavira's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending that there are no meritorious issues on appeal but questioning whether Tavira's sentence is substantively unreasonable. Although informed of his right to file a pro se supplemental brief, Tavira has not done so. For the reasons that follow, we affirm.

This court reviews a district court's sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. This court must assess whether the district court properly calculated the advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized

explanation must accompany every sentence.") (emphasis omitted); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (same). In addition, this court presumes on appeal that a sentence within a properly determined advisory Guidelines range is substantively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

We conclude that Tavira's sentence is both procedurally and substantively reasonable. The district court properly calculated Tavira's Guidelines range, treated the Guidelines as advisory, and considered the applicable 18 U.S.C. § 3553(a) factors. See United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Moreover, the district court based its sentence on its individualized assessment of the facts of the case. See Carter, 564 F.3d at 328. Tavira has not rebutted the presumption that his within-Guidelines sentence is reasonable. We therefore find the sentence reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Tavira's convictions and sentence. This court requires that counsel inform Tavira, in writing, of the right to petition the Supreme Court of the United States for further review. If Tavira requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

3

representation. Counsel's motion must state that a copy thereof was served on Tavira. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED